UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Case No. 3:25-13114-MGL-PJG

| | |
|---|---|
| JEANNETTA L. WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| CARESOUTH CAROLINA, INC., ) | (**JURY TRIAL DEMANDED**) |
| ) | |
| Defendants. ) | |
| ) | |

This is an action bought to remedy discrimination on the basis of race within the terms, conditions and privileges of employment and all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

This Court has jurisdiction of this matter under 42 U.S.C. § 2000e - 5(f), and under 28 U.S.C. §§ 1331 and 1343(4).

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because CareSouth Carolina, Inc. is a community health center with locations throughout the Pee Dee, one location being Plaintiff's work site in Bishopville, South Carolina; and, therefore, Defendant conducts business within the District of South Carolina, Columbia Division; and, a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the District of South Carolina, Columbia Division.

Comes Now Plaintiff, Jeannetta L. Williamson, who makes the following allegations and statements of fact:

1

1. Plaintiff is an African American female, a citizen of the United States and a resident of Darlington, South Carolina.

2. Defendant, CareSouth Carolina, Inc., ("CareSouth") is non-profit corporation, with its principal office in Hartsville, South Carolina, doing business at one of its locations in Bishopville, South Carolina. Collectively, over all locations, CareSouth employs more than 500 employees.

3. This Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 1343(a)(3),(4).

4. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendants conduct substantial, systematic, and continuous activity in this district and are subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

5. Defendant is an employer as defined by Title VII.

6. On July 28, 2025, the Equal Employment Opportunity Commission issued Plaintiff a notice, regarding Charge number 436-2025-00750, informing her of her right to sue Defendants in response to her charge of race discrimination.

7. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.

8. Plaintiff was employed for five (5) years as a dental assistant with Defendant CareSouth Carolina, Inc., when she was terminated on or about October 10, 2024.

9. From the time of hire in 2019 until termination October 10, 2024, Plaintiff was performing satisfactorily and was not under probation, suspension or immediate threat of termination.

10. Over the course of Plaintiff's employment, Plaintiff was subjected to unequal treatment in the workplace, with respect to work policies and discipline, up to discriminatory discharge.

11. Plaintiff was employed and trained in the same manner as Caucasian dental assistants; and all of the dental assistants performed their duties in the same manner using the same procedures.

12. In addition, Defendant would work with employees if they needed to modify their schedules for personal reasons.

13. Despite the policies and procedures being acceptable for other employees of a different race, Defendant began to admonish Plaintiff for reporting to work after dropping her kids off at work.

14. Despite the policies and procedures being acceptable for other employees of a different race, Defendant began to apply new standards for sterilization that applied only to Plaintiff.

15. Defendant never communicated these sterilization standards to any dental assistant, and then proceeded to terminate only Plaintiff for violation of procedure.

16. Plaintiff worked with a Caucasian dental assistant who performed her duties in the same manner as Plaintiff; and the Caucasian dental assistant, named on Plaintiff's charge form, was not disciplined or terminated for procedure violation.

17. In addition, Plaintiff's Caucasian coworker, also a dental assistant, was allowed to work from home when needed, while Plaintiff was required to use her vacation days when absent from work.

18. Plaintiff complained to upper management about her unequal treatment at work, and no adequate measures were taken to protect Plaintiff from discriminatory treatment.

19. Therefore, over the course of her employment with Defendant, Plaintiff was subjected to unequal treatment, heightened scrutiny, and/or discriminatory discharge all within the terms and conditions of employment.

20. Plaintiff is aware, as referenced above, of the difference in treatment toward Caucasian employees and African American employees, most specifically in the circumstances surrounding her termination.

21. Defendant's acts of discrimination within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

22. Defendant's facially neutral policies and procedures were applied in a discriminatory manner and in a manner which had a disparate impact on Plaintiff.

23. As a result of the acts of discrimination based on race, Plaintiff has suffered loss of employment, financial and emotional distress, impaired reputation and incurred legal fees and costs.

**FIRST CAUSE OF ACTION**
**(TITLE VII )**

24. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

25. Plaintiff is a member of a protected class as an African American female.

26. Plaintiff was performing satisfactorily, with positive work reviews, and was not under the threat of termination, suspension or probation at the time before discharge.

27. Plaintiff was subjected to unequal treatment as described above in the terms and conditions of employment and discipline relating to employee leave, working from home, schedule modification and sterilization procedures.

28. Defendant had no legitimate business reason for its unfavorable treatment toward Plaintiff of admonishing Plaintiff for modified work schedule, not offering Plaintiff a work from home option, and terminating only Plaintiff for sterilization procedure violation.

29. Defendant discriminated against Plaintiff in the terms and conditions of her employment and discharge on the basis of her race in violation of Title VII.

30. As a result of the direct and deliberate actions of representatives of Defendant, Plaintiff has suffered loss of employment, emotional and financial distress, impaired professional reputation, loss of future employment opportunities within Defendant network, attorney fees and costs.

31. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of Title VII;

B. Enjoining and permanently restraining these violations of Title VII;

C. Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, pension and other lost benefits, and liquidated damages pursuant to Title VII;

D. Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided under Title VII and state law;

E. Directing Defendant to pay Plaintiff compensatory damages and damages for emotional distress, mental anguish and humiliation, and other compensatory and punitive damages allowable under Title VII and state law, in the amount to be determined by a jury; and,

F. Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By:   s/ Pheobe A. Clark
**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC   29504-3057
Phone: (843) 669-5634
Fax:    (843) 669-5150
pclark@wukelalaw.com

October 24, 2025.